*IN THE UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF PUERTO RICO*

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | CASE NO.: 97-110(JAF) |
| Plaintiff, ] | |
| vs. ] | |
| JOSE RAMOS CARTAGENA, ] | *DEFENDANT'S NOTICE OF INTENT* |
| ] | *TO PURSUE SUCCESSIVE MOTION* |
| Defendant. ] | *FOR RETURN OF PROPERTY UNDER* |
| ] | *RULE 41(e), FED.R.CIV.PROC.* |

================================================================

| | |
|---|---|
| Honorable Judge Jose A. Fuste | : Michael Faries, C.D.C. |
| U.S. District Court Judge | : Chief Division Counsel |
| United States District Court | : U.S. Department of Justice |
| District of Puerto Rico | : Federal Bureau of Investigation |
| Room 150, Federal Building | : P.O. Box 366269 |
| San Juan, Puerto Rico 00918 | : Hato Rey, Puerto Rico 00918 |

**TO THE HONORABLE COURT:**

COMES NOW, the Defendant, Jose R. Ramos-Cartagena, appearing this day pro se and without the aid of counsel, who respectfully provides judicial notice to this Honorable Court of Defendant's intent to reinstate proceedings seeking the return of personally property which was lawfully earned, attained and possessed by him upon arrest, yet seized by agents of the government (Federal Bureau of Investigation), through the filing of a second and successive Motion for Return of Property, pursuant to Rule 41(e) of the Federal Rules of Criminal

Procedure, based upon supervening changes in circumstances and facts transpiring since this Honorable Court's prior denial of Mr. Cartagena's previously filed motion for return of said property [DE#495](6/11/02), motion denied, [DE#496](06/18/2002), motion for reconsideration of DE#496 at [DE#498](07/08/2002), which was denied at [DE#500](07/31/2002).

In support of the instant Notice of Intent, Defendant Cartagena, in placing this Honorable Court on notice of conflicting administrative impediments created by the government, avers the following points of authority and citations of authority in support hereof:

1. On May 28, 1997, Defendant Cartagena was arrested incident to an indictment rendered by a District of Puerto Rico Grand Jury on June 11, 1997, charging Cartagena with federal criminal violations premised upon and derived from a core violation of 18 U.S.C. §2113(a)(d) and §2; and 18 U.S.C. §2114 and §2.

2. Incident to arrest, governmental agents of the Federal Bureau of Investigation seized from Defendant Cartagena various denominations of currency totalling

$4,300.45, to wit; (a): $1,800.00 + $230.00; (b): $445.00 + $70.00; (c): $801.45 + $954.00; and (d): one gold bracelet, lawfully purchased, owned and possessed by Defendant Cartagena upon arrest.

3. Defendant Cartagena was retained in the custody of the United States Marshal subsequent his arrest, entered pleas of not guilty to the underlying federal offenses charged against him, but was found guilty of Counts One through Five of the indictment, and thereinafter sentenced to an undisclosed term of federal imprisonment.

4. During the course of the trial, however, it is important to note that trial testimony from government witnesses and corroboration from federal law enforcement agents substantiated the fact that Defendant Cartagena, although alleged to have participated in the charged offenses, lawfully owned and operated a flatbed loading business which produced monetary income and other assets sufficient to provide legal basis for Defendant Cartagena's possession of and/or accounting savings of monetary amounts in the four-figure categorization. See EXHIBIT "B" attached hereto @ pages 21-22.

5. Subsequent conviction, sentencing and commitment to the Federal Bureau of Prisons, Defendant Cartagena motioned this Honorable Court, on June 11, 2002, for the return of the foregoing property, to which this Honorable Court denied June 17, 2002, without response from the government nor entertaining the motion on its merits. See <u>EXHIBIT "C"</u> attached hereto.

6. Subsequently, however, on April 6, 2006, the government, by and through the Federal Bureau of Investigation, instituted an administrative proceeding claiming Defendant Cartagena "abandoned" the subject $1,820 + $263.63 sought to be returned by the filing ofthe forementioned motion for return of property. Said institution consisted of a notice requiring Cartagena to claim the property by submitting a sworn written claim supported by documentary evidence establishing Cartagena's valid, good faith interest in the property, notwithstanding the government's concession that it seized this property from Defendant Cartagena incident to arrest and the evidence established during the trial that the property was not subjected to criminal forfeiture nor linked with the criminal venture underlying. See <u>EXHIBIT "D"</u> attached hereto.

Defendant Cartagena, nevertheless, submitted such a claim, to no avail, as the government now places an egregiously unfufillable burden on Defendant Cartagena to support his claim with "[d]ocumentary evidence establishing his valid, good faith interest in the property," and that the FBI "[c]annot adjudicate ownership if the appropriate requested evidence is not submitted" by Defendant Cartagena. See EXHIBIT "E" attached hereto.

7. On July 11, 2006, the government repeated the foregoing process as to the $455.00; $70.00; and one gold bracelet afore-claimed in ¶2, see EXHIBIT "F" attached hereto, to which Defendant Cartagena also lodged a formal claim, see EXHIBIT "G" attached hereto, also to no avail, see EXHIBIT "H" attached hereto.

8. Conclusively, on July 24, 2006, the government, by and through the Federal Bureau of Investigation, instituted the same process as to the $801.45 + $954.00 afore-claimed in ¶2 by Defendant Cartagena, see EXHIBIT "I" attached hereto, to which Defendant Cartagena thereto also lodged a formal claim, see EXHIBIT "J", also to no avail, see EXHIBIT "K" attached hereto.

9. As of the date of filing the instant Notice of Intent, the government has not returned to Defendant Cartagena the Defendant's lawfully purchased, owned and possessed property in the government's custody, on the erroneously standardized basis that Defendant Cartagena has not provided "[d]ocumentary evidence establishing his valid, good faith interest in the property, and that the FBI (government) cannot adjudicate ownership if the appropriate requested evidence is not submitted by Mr. Cartagena, notwithstanding the government's concession that it seized this property from Cartagena incident to Defendant Cartagena's arrest in this case.

10. As such, at this juncture, Defendant Cartagena anticipates reinstating proceedings seeking the return of said property through the filing of a second and successive Motion for Return of Property, pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure, and hereupon places both this Honorable Court, the Federal Bureau of Investigation, and the United States Attorney's Office on notice of ssuch valid and permissible intent.

WHEREFORE, Defendant Cartagena hereby formally provides adequate notice to all interested parties of his intent to pursue the foregoing remedies, as a matter of law and as justice so requires in the foregoing woefully preposterous circumstances.

Dated: September 25, 2006

Respectfully Submitted,

/s/ Jose R. Ramos-Cartagena
Defendant/Claimant
Register No. 14847-069
FCC Coleman USP-I
Post Office Box 1033
Coleman, FL 33521-1033

I, Jose R. Ramos-Cartagena, Defendant and property claimant herein, hereby swear, under oath, that the statements, assertions, and contentions avered, herein this pleading are true and correct based upon personal knowledge, while being aware of the penalties of perjury.

Dated: 9/25/06

/s/ Jose R. Ramos-Cartagena