UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JOSE RAMOS-CARTAGENA,

 Petitioner,

v.

UNITED STATES OF AMERICA,

 Respondent.

Criminal No. 97-110-01 (JAF)

**MEMORANDUM ORDER**

 José Ramos-Cartagena moves for reconsideration of our denial of his petition to vacate his sentence under 28 U.S.C. § 2255. (Docket No. 586.) His motion is denied.

 On June 19, 1998, a jury convicted Ramos-Cartagena of two counts of armed robbery, in violation of 18 U.S.C. §§ 2, 2113(a),(d); one count of assault, in violation of 18 U.S.C. §§ 2, 2114(a); one count of breaking and entering, in violation of 18 U.S.C. §§ 2, 2117; and one count of using and carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1). (Docket No. 292.) On November 12, 1998, we sentenced Ramos-Cartagena to serve a statutory term of ten years as to the firearm conviction and to serve concurrent terms as to the armed robbery, assault, and breaking and entering convictions, for a total sentence of 355 months. (Docket No. 582-1 at 17.) On August 30, 2000, the First Circuit affirmed the convictions and sentences of Ramos-Cartagena and his co-defendants. United States v. Mojica-Baez, 229 F.3d 292 (1st Cir. 2000). On April 11, 2013, Ramos-Cartagena moved for modification of the

sentence we imposed in 1998 based on Amendment 599 of the U.S. Sentencing Guidelines. (Docket No. 576.) The government opposed. (Docket No. 582.) We denied his motion. (Docket No. 583.) On November 13, 2013, Ramos-Cartagena moved to vacate counts 2 and 5 of his conviction under 28 U.S.C. § 2255. (Docket No. 586.)

Section 2255 disfavors "second or successive" habeas petitions seeking to vacate, set aside or correct a sentence. See 28 U.S.C. § 2255; Burton v. Stewart, 549 U.S. 147, 153 (2007). A later petition that raises the same grounds as a previous petition is considered a second or successive petition. Sustache-Rivera v. United States, 221 F.3d 8, 12-3 (1st Cir. 2000). Before filing a second or successive motion under Section 2255, a defendant "shall move the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); see also, 28 U.S.C. § 2255 ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals...."). A district court lacks jurisdiction over a second or successive petition unless the defendant obtains certification from the appropriate court of appeals. Trenkler v. United States, 536 F.3d 85, 96 (1st Cir. 2008).

Here, Ramos-Cartagena neither sought nor received authorization from the First Circuit Court of Appeals before filing his second motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. He claims he is entitled to relief under Alleyne v. United States, No. 11-9335 (U.S. June 17, 2013), but deciding that issue would require this court to reach the merits of his petition, which we can only do if the First Circuit certifies a second or successive habeas petition. See, e.g., Sampson v. United States, 2013 WL 4041968, n.3 (W.D.N.C. 2013).

For now, we simply point out that Ramos-Cartagena's Alleyne argument is dubious at best. In Apprendi v. New Jersey, the Supreme Court held that a fact must be

Civil No. 97-110-01 (JAF)                                                                                                      -3-

submitted to a jury and found beyond a reasonable doubt if it increases a defendant's statutory mandatory maximum sentence. <u>Alleyne</u> extends this principle to facts that increase a defendant's statutory mandatory minimum sentence. We note that, while the Supreme Court has not decided whether <u>Alleyne</u> applies retroactively to cases on collateral review, the United States Court of Appeals for the Seventh Circuit has suggested, without deciding, that because "<u>Alleyne</u> is an extension of <u>Apprendi</u> … [t]his implies that the Court will not declare <u>Alleyne</u> to be retroactive." <u>Simpson v. United States</u>, __ F.3d __, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). At this time, four district courts have found that <u>Alleyne</u> does not apply retroactively to cases on collateral review. See <u>United States v. Stanley</u>, 2013 WL 3752126, at *7 (N.D. Okla. July 16, 2013); <u>United States v. Eziolisa</u>, 2013 WL 3812087, at *2 (S.D. Ohio July 22, 2013); <u>Affolter v. United States</u>, 2013 WL 3884176, at *2 (E.D. Mo. July 26, 2013); <u>United States v. Reyes</u>, 2013 WL 4042508, at *19 (E.D. Pa. August 8, 2013).

    Here, we see no reason why <u>Alleyne</u> would be applicable. First, we made no finding that a firearm was discharged during the commission of the crime—which was not even contemplated by the law as a sentencing element at the time of Ramos-Cartagena's sentencing. See 18 U.S.C. 924(c)(1) (1997). Based on evidence presented at trial, we did make a finding that the offense was committed while carrying and pointing at least two AK-47 rifles and one AR-15 rifles—both of which were considered assault weapons under the now expired 1994 Federal Assault Weapons Ban. (Docket No. 590.)

    We dismiss the instant petition without prejudice and instruct Ramos-Cartagena to first seek and obtain permission from the Court of Appeals for the First Circuit before filing a second or successive petition in this court.

## Certificate of Appealability

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[Ramos-Cartagena] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Ramos-Cartagena has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Ramos-Cartagena may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## Conclusion

For the foregoing reasons, we hereby **DISMISS WITHOUT PREJUDICE** Ramos-Cartagena's motion (Docket No. 586) to vacate his conviction as to counts 2 and 5. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of January, 2014.

                                                              S/José Antonio Fusté
                                                              JOSE ANTONIO FUSTE
                                                              U. S. DISTRICT JUDGE